Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7539 | **DATE** | 7/28/2004 |
| **CASE TITLE** | Green vs. Fox Valley Park District Police Officer Gregory Flowers | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion for summary is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | JUL 29 2004 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| MF | courtroom deputy's initials | date mailed notice |

2004 JUL 23 PM 2:57

Date/time received in central Clerk's Office — mailing deputy initials

Document Number 13

DOCKETED
JUL 29 2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 03 C 7539 |
| v. | ) |
| | ) Judge John W. Darrah |
| FOX VALLEY PARK DISTRICT POLICE | ) |
| OFFICER GREGORY FLOWERS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Charles Green, filed suit against Defendant, Fox Valley Park District Police Officer Gregory Flowers, alleging excessive force in the arrest of Green in violation of 42 U.S.C. § 1983. Presently before the Court is Defendant's Motion for Summary Judgment.

## BACKGROUND

On October 22, 2001, Flowers arrested and transported Green to the Kane County jail. (Def.'s 56.1(a)(3) Statement ¶ 3). Before he was arrested, Green had consumed a six-pack of beer. (Id., ¶ 4). When Green encountered Flowers, Green was "slightly impaired" and smelled of alcohol. (Id., ¶¶ 5, 7).

At the time of his arrest, Flowers placed Green in handcuffs. Green did not receive any injuries from the handcuffs. (Def.'s 56.1(a)(3) Statement ¶¶ 9, 11). When Flowers presented Green at the counter of the Kane County jail, a sheriff's deputy assisted Flowers in commencing the process to admit an arrestee into the jail's custody. (Id., ¶13).

While attempting to process Green, Flowers attempted to remove Green's handcuffs so that Green could turn over his personal effects and Green could be patted down. (Def.'s 56.1(a)(3) Statement ¶¶ 14, 16-17). Flowers unlocked Green's right handcuff first. (Id., ¶ 19). The events after the right handcuff was removed are disputed. Flowers alleges that Flowers commanded Green to place his hands on his head and, that in direct violation of this command, Green removed his right hand from his head and attempted to back away from the counter. Green's actions compromised the ability of Flowers and the sheriff's deputy to immobilize Green, which was necessary to main control over the situation. (Id., ¶ 20). When Green refused to return his hand on top of his head, Flowers restrained Green by leaning Green against the counter and placing Green's wrists together behind his back. (Id., ¶ 22). Flowers believed that it was necessary to restrain Green because of Green's intoxication and the chance that Green might injure one of the police officers. (Id., ¶ 23).

Contrary to Flowers' testimony, Green alleges that Flowers asked Green to turn over his personal effects. As Green was proceeding to turn over his effects, Flowers lost patience with Green, told Green he was moving too slow, and then came up behind Green, twisted his arm until it was curled into a ball, and punched down on Green's arm. Flowers' conduct caused Green's arm to break. (Plaint,'s 56.1(b)(3) Statement ¶ 1).

Following the disputed conduct by Green and Flowers, Green received a breath test to determine his blood alcohol level. (Def.'s 56.1(a)(3) Statement ¶ 32). Green's blood alcohol content approximately one-hour after his arrest was 0.15. (Id., ¶ 34). In light of Green's intoxication, it was determined that Green was not fit to be admitted to the jail. (Id., ¶34). Accordingly, a Kane County judge was contacted and advised of an outstanding warrant on

Green. (Id., ¶ 35). The judge issued Green a recognizance bond and a subsequent court date. (Id., ¶ 36). After his release, Flowers drove Green to Mercy Hospital. (Id., ¶ 37).

## ANALYSIS

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (*Celotex*). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (*Anderson*). However, a party cannot defeat summary judgment by relying on unsubstantiated facts. *See Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001) (*Greer*).

Excessive force claims are analyzed under the fourth amendment and its reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (*Graham*). Under the fourth amendment, the question is whether the officer's actions were "objectively reasonable" in light of the facts and circumstances confronting the officer, without regard to the officer's intent or motivation. *Graham*, 490 U.S. at 397. Reasonableness is judged from the perspective of a reasonable officer on the scene, rather than with the "20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Factors considered in determining the reasonableness of the force exerted include: (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others present, and (3) whether the suspect is actively resisting arrest or

attempting to evade arrest by flight. *See Graham*, 490 U.S. at 396.

The Defendant's and Green's deposition testimonies are contradictory as to the events during the booking that led to the alleged use of excessive force. Green testified that Flowers used unreasonable force in trying to restrain him, and Flowers' only reason for using such force was because Green was moving too slowly. Flowers testified that he used the reasonable amount of force necessary to restrain Green because Green was not cooperating and Flowers was concerned about the safety of himself and other officers. Relying on video surveillance tapes of the booking of Green, Flowers argues that no genuine issue of material fact exists because the video tapes "clearly and undisputedly" show that no excessive force was used. *See Lang v. City of Round Lake Park*, 87 F. Supp. 2d 836, 841 (N.D. Ill. 2000) (finding that a video tape demonstrated that no genuine issue of fact existed with regard to excessive force claim) (*Lang*).

The Court has reviewed the video tapes (two tapes from two different perspectives) supplied by Flowers. Contrary to Flowers' argument, the video tapes do not "clearly and undisputedly" show that the force used by Flowers was not unreasonable. The video tapes do not include sound, and the images are not recorded in real time – the motion of the images is slightly increased. The video tapes show Green and Flowers at the counter of the police station and sudden movements by both parties at the alleged time when Flowers used force, breaking Green's arm. Unlike the video tape in *Lang*, the video tapes in the instant case do not clearly establish that no reasonable juror could find that excessive force was used by Flowers. The video tapes do not resolve the disputed facts as to the events that led up to the sudden movements by both Flowers and Green or whether the amount of force used by Flowers was reasonable under the totality of the circumstances.

Flowers also argues that even if he had hit Green, such contact was not unreasonable under the totality of the circumstances perceived by Flowers while booking Green. However, in light of the contradictory testimony as to the events that occurred during the booking procedure, genuine issues of material fact exist as to whether Flowers' contact was not unreasonable under the totality of the circumstances.

Lastly, Flowers argues that he is entitled to qualified immunity because his treatment of Green did not violate clearly established law.

Qualified immunity shields governmental officers performing discretionary functions insofar as their conduct does not violate clearly established constitutional rights of which reasonable persons would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The threshold inquiry in the qualified immunity analysis is whether the plaintiff has established a constitutional violation. *See Saucier v. Katz*, 533 U.S. 194, 200-01 (2001).

Flowers argues that his testimony and the video tapes demonstrate that Green has failed to demonstrate a constitutional violation because he has failed to demonstrate Flowers used excessive force. However, as found above, genuine issues of material fact exist as to whether Flowers' use of force was reasonable under the totality of the circumstances that are disputed by the parties. Furthermore, the video tapes do not eliminate these genuine issues of material fact.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is denied.

Dated: 7-28-04

JOHN W. DARRAH
United States District Judge

5